Filed 10/13/21  P. v. Mosby CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>MALCOLM DEON MOSBY,<br><br>      Defendant and Appellant. | B306839<br><br>(Los Angeles County<br>Super. Ct. No. BA181525-03) |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Maggie Shrout, under appointment by the Court of Appeal, for Defendant and Appellant.

Ron Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

1

In 1999, defendant and appellant Malcolm Deon Mosby was convicted of second degree murder (Pen. Code, § 187, subd. (a)),[1] and conspiracy to commit murder (§ 182, subd. (a)(1)).

In 2019, Mosby petitioned for resentencing pursuant to Senate Bill No. 1437 (Senate Bill 1437) and section 1170.95, which provide for vacatur of a murder conviction obtained under the natural and probable consequences doctrine or the felony murder theory of liability, if the defendant was not the actual killer, did not intend to kill, and was not a major participant in an underlying felony who acted with reckless disregard for human life. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Mosby appeals the trial court's postjudgment order denying the petition.

On appeal, Mosby contends the trial court impermissibly relied on the record of conviction and engaged in fact-finding to find him ineligible for resentencing. We affirm the trial court's order. The record of conviction establishes that Mosby was not prosecuted under either a felony murder or natural and probable consequences theory of liability for murder, and he is therefore not entitled to relief.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## FACTS AND PROCEDURAL HISTORY[2]

### *The Crime*

Four Trey Gangster Crips were in a gang war with the Rolling 20's Outlaw Bloods. Mosby and two fellow Crip gang members armed themselves and drove around looking for Blood gang members to shoot. Not finding any, they went to the home of one of the Crip gang member's relatives. At the residence, they met Rodney Rhone, a Blood gang member. A short argument ensued, and Rhone was shot repeatedly and killed. Mosby confessed to the killing to police officers, but offered an alibi defense at trial. (*Mosby, supra,* B137015, p. 2.)

### *The Trial*

The jury found Mosby guilty of second degree murder (§ 187, subd. (a) [count 1]) and conspiracy to commit murder (§ 182, subd. (a)(1) [count 2]), and found that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). The jury found untrue personal firearm use allegations under section 12022.53, subdivisions (b) through (d). Mosby was sentenced to 28 years to life in prison.

### *Direct Appeal*

On appeal before another panel of this court, Mosby argued that the trial court erred in failing to instruct the jury on the

---

[2] We take judicial notice of the prior appellate record and the appellate court's prior unpublished opinion in *People v. Mosby* (Oct. 4, 2000, B137015) (*Mosby*) from which the facts are drawn.

unanimity requirement with respect to the overt acts supporting the conspiracy, and that there was insufficient evidence to support the verdict on conspiracy to murder. (*Mosby, supra,* B137015, p. 2.) This court affirmed the judgment. (*Id.* at p. 5.)

## *Petition for Resentencing*

On January 7, 2019, Mosby filed a petition for resentencing in which he requested that counsel be appointed.[3]

On June 17, 2019, the People filed a response contending, as relevant here, that Mosby was ineligible for relief because he could still be convicted of murder under the amendments made to sections 188 and 189 by Senate Bill 1437 based on the record of conviction.

In a written ruling on June 25, 2019

On August 15, 2019, Mosby filed a motion for reconsideration through counsel arguing that the trial court's failure to appoint counsel prevented him from establishing eligibility for resentencing. Mosby attached a petition for resentencing under section 1170.95 to the motion, declaring that he met the requirements of section 1170.95, subdivision (a). Mosby requested that counsel be appointed to him.[4]

---

[3] The petition is not contained in the record on appeal. Mosby's later-filed petition for reconsideration claims that he requested counsel, a fact which the People do not dispute.

[4] Mosby utilized a form declaration and did not check either the box indicating that he was convicted of first degree felony murder but could no longer be convicted under section 189, or the box indicating that he was convicted of second degree murder

On August 22, 2019, the trial court appointed counsel.

On July 9, 2020, Mosby's counsel filed a reply pursuant to section 1170.95 arguing that he made a prima facie showing of eligibility for relief by raising the inference that he was not a major participant who acted with reckless indifference to human life, and that the trial court should issue an order to show cause and hold a hearing where the burden was on the prosecution to show beyond a reasonable doubt that Mosby could still be convicted of murder under amended sections 188 and 189.

At a hearing on July 15, 2020, at which Mosby's counsel was present, the trial court denied the petition for resentencing as follows: "[T]he court will stand by its original ruling on June 25, 2019, denying the relief sought under Section 1170.95, nor will the court grant the O[rder to] S[how] C[ause] for a hearing."

Mosby timely appealed.

## DISCUSSION

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner

under a natural and probable consequences or second degree felony murder theory of liability and could not be convicted under section 188.

5

could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95 subd. (b)(1)(A).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).) "Where the petition complies with subdivision (b)'s three requirements, . . . the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).) [¶] If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction . . .' (§ 1170.95, subd. (d)(1).)" (*Lewis, supra*, 11 Cal.5th at p. 960.)

We reject Mosby's argument that the trial court may not consult the record of conviction when determining whether a prima facie showing has been established and must base its determination solely on the four corners of the petition. Our Supreme Court has held that the "trial court can rely on the record of conviction in determining whether [the section 1170.95, subdivision (c)] prima facie showing is made." (*Lewis, supra*, 11 Cal.5th at p. 970.) While the "'trial court may not rely on the record of conviction to deny a facially sufficient petition,'" there is "'no reason why a court would be prohibited from relying on the record of conviction to deny a petition *after* deeming it facially sufficient, appointing counsel, and receiving briefing from the parties.'" (*Id.* at p. 971.) Here, the trial court properly considered the record of conviction only after determining Mosby's petition was facially sufficient, appointing counsel, and considering briefing from the parties.

Mosby is correct that the trial court may not "engage in 'factfinding involving the weighing of evidence or the exercise of

6

discretion'" at the eligibility stage of the analysis. (*Lewis, supra*, 11 Cal.5th at p. 972.) However, we may affirm the trial court's ruling if correct on any ground. (See *People v. Smithey* (1999) 20 Cal.4th 936, 971–972.) In *Lewis*, the Supreme Court held that "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."' [Citations.]" (*Lewis, supra*, at p. 971.)

Here, the record of conviction shows that the jury was not instructed regarding either felony murder or natural and probable consequences liability for murder, and the prosecution proceeded on a theory that Mosby was the direct perpetrator. To the extent that Mosby relies on the argument that he was convicted of murder under the natural and probable consequences theory because the jury was instructed, under CALJIC No. 6.11, regarding joint liability for acts committed in furtherance of the conspiracy that are not the object of the conspiracy, the argument fails.[5] Here, "murder was the object of the conspiracy, not the natural and probable consequence of an act committed to further the object of the conspiracy." (*People v. Medrano* (2021) 68 Cal.App.5th 177, 184; see also *People v. Verdugo* (2020) 44 Cal.App.5th 320, 336 abrogated on other grounds by *Lewis, supra,* 11 Cal.5th 952 ["'[defendants] were

_____

[5] The trial court instructed the jury, in relevant part, "A member of a conspiracy is not only guilty of the particular crime that to [his] knowledge [his] confederates agreed to and did commit, but is also liable for the natural and probable consequences of any [act] of a co-conspirator to further the object of the conspiracy, even though that [act] was not intended as part of the agreed upon objective and even though [he] was not present at the time of the commission of that [act]."

7

charged with conspiracy *to murder*, not conspiracy to commit a lesser crime that resulted in murder[,]'" therefore there is "'no possibility they were found guilty of murder on a natural and probable consequences theory'"].)

Mosby contends he could not be convicted under amended sections 188 and 189 because an instructional error permitted the jury to convict him of murder without finding that he had the intent to kill, but he does not explain how the alleged trial error (that he forfeited because he failed to raise it on direct appeal) brings him under the ambit of section 1170.95, which does not offer relief to defendants who were prosecuted solely as direct perpetrators. (See *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674, review granted July 28, 2020, S262481 (*Edwards*) abrogated on other grounds by *Lewis, supra,* 11 Cal.5th 952.)

Mosby bears the burden of making a prima facie showing that he is entitled to relief under section 1170.95, subdivision (c). Because the record directly refutes the allegations in Mosby's petition that he was convicted under either a felony murder or a natural and probable consequences theory of murder liability, we affirm the trial court's denial of his petition.

## DISPOSITION

The trial court's order denying Mosby's resentencing petition pursuant to section 1170.95 is affirmed.


MOOR, J.

We concur:


RUBIN, P.J


BAKER, J.

9